UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DIVINE: ROSE-EL, | : | |
|     Plaintiff, | : | Civil Action No: 20-12735 (KM) |
| | : | |
| v. | : | |
| | : | |
| THE STATE OF NEW JERSEY, et al., | : | **MEMORANDUM AND ORDER** |
|     Defendants. | : | |
| | : | |

    Pro se Plaintiff "Divine: Rose-EL, In Propria Persona, sui juris," is a "Moorish-American National" currently incarcerated at SCI Frackville in Pennsylvania under the name Steven Love Lundy. (DE 1.) Plaintiff mailed a "default affidavit" to the Court requesting a default against Defendants New Jersey, the Berkeley Heights Police Department, the Union County Prosecutor's Office, and the Union County Courthouse (presumably referring to the judge who sentenced him), and a subsequent status update request. (DE 6, 7.) For the reasons below, I deny Plaintiff's request for a default and order Plaintiff to show cause why the Complaint should not be dismissed.

    Plaintiff identifies himself as the trustee of the "Steven Love Lundy Trust" (DE 1-1 at 5), but denies any connection to the person of Steven Love Lundy.[1] Plaintiff's complaint alleges, among other things, "kidnapping, dehumanization, denationalization, human trafficking, and…an egregious attempt to perpetrate slavery and genocide of indigenous peoples." (DE 1.) Plaintiff alleges that he has been held against his will for the past three years in Lundy's name. According to Plaintiff, he and his wife were pulled over and arrested without probable cause in 2017 for various drug and weapons charges, compelling Plaintiff to plead guilty to unlawful possession of a handgun.[2] (DE 1, DE 1-1 at 2.) Plaintiff seeks the immediate "release of creditor" (himself), expungement of Lundy's record and the release of Lundy's property and bonds, equitable compensation, $500 million in compensation, and punitive damages. (DE 1.)

    After receiving a filing fee,[3] the Clerk of Court filed the complaint and issued a summons on December 14, 2020. (DE 3-5.) On March 17, 2021, Plaintiff filed an affidavit seeking judgment

---

[1] Plaintiff has made similar arguments before. Because those applications in the Middle District of Pennsylvania sought *forma pauperis* status, they were subject to judicial screening and dismissed as "devoid of any legal merit." *Lundy v. Monroe Cty. Dist. Attorney's Off.*, No. 3:18-CV-2396, 2018 WL 7049387, at *1 (M.D. Pa. Dec. 21, 2018).

[2] The sentence was to run concurrent to a Pennsylvania state sentence.

[3] The filing fee was sent in Lundy's name. (DE 3.)

based on Defendants' alleged default. (DE 6.) The affidavit lists New Jersey State Attorney General Gurbir Grewal as the affidavit's alleged recipient by certified mail. (*Id.*)

The service attempt is problematic. A state or local government must be served by delivering a copy of the summons and complaint to the chief executive officer or "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). New Jersey law permits service upon the state "by registered, certified or ordinary mail of a copy of the summons and complaint or by personal delivery of a copy of the summons and complaint to the Attorney General or to the Attorney General's designee named in a writing filed with the Clerk of the Superior Court." N.J. Court Rules 4:4–4(a)(7). The rule forbids default absent personal service. *Id.*

Here, Plaintiff avers service upon Attorney General Grewal in Trenton, but fails to attach any proof of certified mailing. (DE 6.) A search of the provided certified mail number shows mail from Frackville on March 16, 2021 and delivery on March 19, 2021 to Newark, not Trenton. USPS Tracking, https://tools.usps.com/go/ TrackConfirmAction?qtc_tLabels1=70190700000158396383 (accessed June 7, 2021). This is the first thing Plaintiff must explain to avoid dismissal.

But even if the Court accepted the truth of the affidavit, Plaintiff's chosen method of service would necessarily be found defective. Plaintiff is responsible for having the summons and complaint served by an adult (other than himself) within 90 days. Fed. R. Civ. P. 4(c)(1)(2), (m). Here, it appears Plaintiff himself mailed the default affidavit to the Attorney General on March 16, 2021, over 90 days after the Clerk issued the Summons. (DE 5, 6.) It is also not clear from the affidavit whether the affidavit was served with the Summons and Complaint. (*Id.*) Plaintiff also chose to generate his own default affidavit, not to use the Return of Service form attached to the Summons. (DE 5 at 2.) Each of these is another facial defect requiring at least an explanation.

With respect to the other Defendants, New Jersey law provides that service upon other public bodies is made by personal service upon the "presiding officer or on the clerk or secretary thereof." Plaintiff has not filed anything suggesting service in any form upon the other Defendants. That, too, is insufficient to permit the court to proceed with the action, let alone enter default.

Without proper service, I may dismiss the action without prejudice, order that service be made within a specified time, or extend the time for service. I will permit Plaintiff an additional 60 days to either provide additional proof of service, or properly re-serve the Summons and Complaint.

Next, if Plaintiff and Lundy are, as Plaintiff alleges, different people or entities, then Plaintiff, a non-attorney, may not proceed on Lundy's behalf on any claims seeking relief for Lundy

only—*i.e.* every claim other than Plaintiff's release from prison and compensation for time spent there. *Liggon-Redding v. Willingboro Twp.*, 351 F. App'x 674, 679 (3d Cir. 2009) ("*Pro se* plaintiffs are generally prohibited from pursuing claims on behalf of others in a representative capacity."). Though prior decisions make it clear that Lundy and Plaintiff are the same person, Plaintiff will nevertheless be afforded an opportunity to explain their relationship to each other if they are indeed separate persons.

Finally, depending upon the nature of Plaintiff's desired remedy, it may not be available in a civil rights action. That is, Plaintiff may not seek monetary relief based on a conviction which has not been invalidated. *Williams v. Danberg*, 426 F. App'x 40, 41–42 (3d Cir. 2011). "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his *sole* federal remedy is a writ of habeas corpus." *Id.* (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (emphasis in original)). Should Plaintiff wish to dismiss his action without prejudice or convert it to a habeas petition, he should inform the Court accordingly.

**IT IS THEREFORE**, on this 9th day of June, 2021,

**ORDERED** that Plaintiff's request for a default (DE 6) is **DENIED**; and it is further

**ORDERED** that Plaintiff shall **SHOW CAUSE IN WRITING** on or before August 13, 2021 why this action should not be **DISMISSED** for the defects described above; and it is finally

**ORDERED** that the Clerk of Court shall send this Memorandum and Order, together with a blank 28 U.S.C. § 2254 habeas petition, to Plaintiff by regular mail.

/s/ Kevin McNulty

_____
KEVIN MCNULTY
United States District Judge