UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIVINE: ROSE-EL, | Civil Action No. 20-12735 (KM) (ESK) |
| Plaintiff, | |
| v. | |
| STATE OF NEW JERSEY, et al., | OPINION |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.**

Pro se Plaintiff "Divine: Rose-EL, In Propria Persona, sui juris," is a "Moorish-American National" currently incarcerated at SCI Frackville in Pennsylvania under the name Steven Love Lundy.[1] (DE 1.) Plaintiff appears to be attempting to pursue a civil rights action challenging a 2017 unlawful arrest and detention in New Jersey. (*Id.*) I previously denied Plaintiff's request for default judgment and ordered Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim. (DE 8.) Having reviewed Plaintiff's responses (DEs 12-14), I find that they do not address the concerns raised in the prior order. Instead, the submissions are part and parcel of the Plaintiff's lengthy history of frivolous litigation. I will therefore dismiss the Complaint after screening.[2]

**I.   BACKGROUND**

   **A. Plaintiff's history of frivolous litigation in the Middle District of Pennsylvania**

I count eight complaints and one habeas petition dismissed in the Middle District of Pennsylvania as frivolous. Most of these actions, all unsuccessful, were aimed at staying or invalidating pending state criminal cases against the plaintiff.[3] In the midst of these efforts, in

---

[1] "Plaintiff" refers to all alter egos or alternative names: Steven Love Lundy, the eponymous trust, and Divine Rose-El. Absent intent to defraud, a person may change his or her name. Plaintiff's use of different names, however, has no jurisdictional, substantive, or other legal significance, and will not be permitted to obscure the fact that the names all refer to the same person.

[2] Though Plaintiff paid the filing fee, 28 U.S.C. § 1915(2(B) provides that "notwithstanding any filing fee…that may have been paid, the court shall dismiss the case at any time if the court determines" that the action is frivolous or fails to state a claim on which relief may be granted.

[3] *Lundy v. Pocono Mountain Reg'l Police Dep't*, No. 3:17-CV-2199, 2017 WL 9362910 (M.D. Pa. Dec. 5, 2017), *report and recommendation adopted*, No. CV 3:17-2199, 2018 WL 2219100 (M.D. Pa. May 15, 2018) (dismissing without prejudice all of plaintiff's claims, including claim seeking injunction in state

late 2018, Plaintiff hit on a new strategy: "rebrand[ing] himself as the Steven Love Lundy Trust…on behalf of 'Divine Rose,' the moniker which Lundy gives to the trustree of his trust." *Lundy v. Monroe Cty. Dist. Attorney's Off.*, No. 3:18-CV-2396, 2018 WL 7049387 (M.D. Pa. Dec. 21, 2018). Plaintiff began referring to himself—as he does here—as "Divine: Rose-El." *Lundy v. Pocono Mountain Reg'l Police Dep't*, No. 3:20-CV-01898, 2020 WL 7405407, at *1 (M.D. Pa. Dec. 17, 2020). The habeas petition contained similar language and references to bankruptcy law, the Uniform Commercial Code, and other "eccentric and idiosyncratic legal theories." *Lundy v. Brittain*, No. 1:21-CV-1259, 2021 WL 5442243, at *1 (M.D. Pa. Aug. 23, 2021), *report and recommendation adopted*, No. CV 1:21-1259, 2021 WL 5416279 (M.D. Pa. Nov. 19, 2021). Courts have characterized Plaintiff's theories as, for example, "fanciful," "unintelligible," "confused and confusing," and "demanding a great deal from the reader." *Id.*

## B.     Procedural history of this action

I previously denied Plaintiff's application for a default judgment and ordered Plaintiff to show cause why the Complaint should not be dismissed. (DE 8.) That order identified numerous issues for Plaintiff to address: (1) proper service upon the New Jersey Attorney General, including timeliness and manner of service (*id.* at 2); (2) the exact relationship between the named Plaintiff and Steven Lundy (*id.* at 2-3); and (3) the exact nature of his claim, including

---

criminal case); *Lundy v. Monroe Cty. Dist. Attorney's Off.*, No. 3:17-CV-2255, 2017 WL 9362911 (M.D. Pa. Dec. 11, 2017), *report and recommendation adopted*, No. CV 3:17-2255, 2018 WL 2219033 (M.D. Pa. May 15, 2018); *Lundy v. Pocono Mountain Reg'l Police Dep't,* No. 3:17-CV-2256, 2017 WL 9362912 (M.D. Pa. Dec. 12, 2017), *report and recommendation adopted*, No. CV 3:17-2256, 2018 WL 2219282 (M.D. Pa. May 15, 2018); *Lundy v. Monroe Cty. Corr. Facility*, No. 3:17-CV-2306, 2017 WL 9362913 (M.D. Pa. Dec. 18, 2017), *report and recommendation adopted*, No. CV 3:17-2306, 2018 WL 2218824 (M.D. Pa. May 15, 2018) (dismissing deliberate indifference and malpractice claims without prejudice); *Lundy v. Monroe Cty. Dist. Attorney's Off.*, No. 3:18-CV-761, 2018 WL 2225268 (M.D. Pa. Apr. 10, 2018), *report and recommendation adopted sub nom. Lundy v. Lenning*, No. CV 3:18-761, 2018 WL 2219296 (M.D. Pa. May 15, 2018) (dismissing various claims including claim to dismiss state charges and sue prosecutors); *Lundy v. Monroe Cty. Dist. Attorney's Off.*, No. 3:18-CV-2396, 2018 WL 7049387 (M.D. Pa. Dec. 21, 2018) (recommending dismissal with prejudice), *report and recommendation adopted,* 2019 WL 202310 (M.D. Pa. Jan. 15, 2019); *Lundy v. Pocono Mountain Reg'l Police Dep't*, No. 3:20-CV-01898, 2020 WL 7405407 (M.D. Pa. Dec. 17, 2020) (recommending dismissal without prejudice), *amended to Lundy v. Pennsylvania*, No. 3:20-CV-01898, 2021 WL 1537790 (M.D. Pa. Mar. 17, 2021) (recommending dismissal of amended complaint), *report and recommendation adopted sub nom. Lundy v. PA*, No. CV 3:20-1898, 2021 WL 1534977 (M.D. Pa. Apr. 19, 2021) (rejecting objections and dismissing claims with prejudice), *appeal dismissed sub nom. Lundy v. Pocono Mountain Reg'l*, No. 21-1957, 2021 WL 5544988 (3d Cir. Oct. 7, 2021); *Lundy v. Brittain*, No. 1:21-CV-1259, 2021 WL 5442243 (M.D. Pa. Aug. 23, 2021) (recommending dismissal of habeas petition), *report and recommendation adopted*, No. CV 1:21-1259, 2021 WL 5416279 (M.D. Pa. Nov. 19, 2021).

some indication of whether he was seeking to invalidate his conviction (*id.* at 3). That order having been rejected several times by SCI Frackville due to new mail processing procedures, I directed additional service which complied with that procedure. (DE 11.) Plaintiff has now evidently received that order, and has responded with three additional documents. (DEs 12-14.)

### C. This Complaint's allegations

For the purposes of this opinion, I will accept the factual allegations of the complaint and supplemental documents as true. In his original complaint, the Plaintiff alleges that he has been held against his will in Pennsylvania for three years. (DE 1 at 1.) On June 7, 2017, Plaintiff and his wife were pulled over by Berkeley Heights police officers. (*Id.*) The police officers accused Plaintiff of stealing the vehicle and ordered Plaintiff and his wife out of their car. (*Id.*). Claiming they smelled marijuana, the officers conducted a warrantless search of Plaintiff's car and found a firearm. (*Id.*) On June 13, 2017, Plaintiff and his wife were released on bond, but their car remained in state custody. (*Id.*)

Plaintiff was later detained in Pennsylvania for what he refers to as "unrelated issues."[4] *Id.* at 2. He was transferred to Union County, New Jersey, by the Union County Sheriff's Department on September 24, 2019. (*Id.*) On December 2, 2019, Plaintiff became aware that his wife was also transferred to New Jersey custody. (*Id.*) On December 17, 2019, "coerced and under duress," Plaintiff signed a contract "to exculpate [his] wife." (*Id.*) The Union County Superior Court judge rejected his jurisdictional arguments and sentenced him.[5] Plaintiff has also filed a habeas claim relating to this New Jersey conviction, which was also assigned to me. Docket No. 21-cv-20184.

The Complaint seeks "release of creditor" (presumably a reference to Plaintiff or one of his alter egos), expungement of Steven Love Lundy's record, release of Lundy's property, release of Lundy's bonds, equitable compensation, $500 million, and punitive damages.

---

[4] Plaintiff pleaded nolo contendere to a strangulation charge in the Court of Common Pleas of Monroe County and was sentenced in March 2019 to 21 to 60 months' imprisonment. *Lundy v. Brittain*, No. 1:21-CV-1259, 2021 WL 5442243, at *1 (M.D. Pa. Aug. 23, 2021), *report and recommendation adopted*, No. CV 1:21-1259, 2021 WL 5416279 (M.D. Pa. Nov. 19, 2021).

[5] Plaintiff does not specify what he was sentenced for here in New Jersey, but his habeas petition identifies the charge as unlawful handgun possession. (Docket No. 21-cv-20184, DE 1 at 2, ¶ 5.)

3

## II.     DISCUSSION

### A.     Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding IFP. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in

4

any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's allegations

To the extent that I can extract any intelligible claims from the initial Complaint, Plaintiff appears to challenge his Union County conviction on various constitutional grounds. However, a Section 1983 action is not the proper vehicle for challenging a criminal conviction; at most it is a means of recovering damages if, and after, a conviction has been declared unlawful. Plaintiff's chosen procedure here—to challenge his conviction *via* a demand for payment and "notice of default"—is legally ineffectual. (DE 12 at 6-7.)

In *Heck v. Humphrey*, the Supreme Court held that before a § 1983 plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. 477, 486-87 (1994). Absent such a prior invalidation, a state prisoner's § 1983 action alleging a wrongful conviction is barred regardless of the type of relief sought. *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005). Whenever the challenge ultimately attacks the "core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 541–42 (3d Cir. 2002). Here, Plaintiff clearly seeks damages based on what he perceives as an unlawful conviction, but seeks to skip over the prerequisites.

Supplementing his complaint in response to my earlier order, Plaintiff submits three additional documents. The first is an "affidavit of fact." (DE 12.) The only portion of the affidavit bearing any apparent relevance to my order is a retraction by Plaintiff of his earlier

claim that he served the Attorney General with the Complaint. (*Id.* at 4.) Instead, Plaintiff served the Union County District Attorney's Office and United States Attorney's Office in Newark. (*Id.* at 5.) This affidavit only confirms the statement in my earlier order that Plaintiff did not actually serve the proper entity.

But there is a broader concern: the arguments and theories contained in Plaintiff's submissions have been universally debunked. As one example, I cite the "affidavit of fact," which contains numerous Moorish National incantations:

> Once Proclaimed, all Moorish American Nationals will affirm their Appellation, their National standing, Divine Being Manifested in human Flesh, the Only Authorized Representative of STEVEN LOVE LUNDY TRUST/ESTATE/TRANSMITTING UTILITY/TRADE-NAME/ALL CAP NAME, their Appellation, or any derivate thereof". STEVEN LOVE LUNDY; NON-ADVERSE; NON-BELIGERENT; NON-COMBATANT PRIVATE FOUNDATION, Filing Number: 20186190284985, with Myself, Divine:Rose-EL having Power of Attorney No: 06101986-SLL-POA; FINANCING STATEMENT attached.

(DE 12 at 2 (emphasis in original).) The evident intent is to posit distinct identities and/or entities, presumably to suggest that the court in which Plaintiff was convicted (or perhaps this Court) lacks jurisdiction over Plaintiff.

According to the affidavit, Plaintiff ultimately seeks, "due to lack of jurisdiction and the inability of court officers to uphold the constitution as pledged in their oath," that "ALL UNCONSTITUTIONAL citations – summons/ticket-suit/(misrepresented) Bills of exchange…and any other 'orders' or 'actions'…to be 'dismissed', 'abated' and expunged." (*Id.* at 12, ¶ 32.) This appears to be a version of an argument asserted by some litigants around the country that self-identifying as a "Moorish American National" exempts them from United States law. *See Bey v. Campanelli*, No. 19CV5304, 2020 WL 4451772, at *4 (E.D.N.Y. Aug. 3, 2020). This theory has been universally rejected by federal courts—the "law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *Smith ex rel. Bey*, 2012 WL 1898944, at *2 (collecting cases); I concur and dismiss the attempt here as frivolous. 28 U.S.C. § 1915(e)(2)(B).

A second document asserts that jurisdiction is conferred by 28 U.S.C. § 1333. (DE 13.) This appears to be a cryptic reference to similar assertions by other Moorish National litigants that federal courts are exclusively admiralty courts. It is true, of course, that admiralty jurisdiction is *one* form of federal court jurisdiction; The U.S. Constitution provides that "[t]he

6

judicial Power shall extend ... to all Cases of admiralty and maritime Jurisdiction," art. III, § 2, cl. 1, and 28 U.S.C. § 1333(1) provides that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: ... [a]ny civil case of admiralty or maritime jurisdiction.." It is equally true, however, that the jurisdiction of the district courts extends to "to all Cases, in Law and Equity, arising under this Constitution, the laws of the United States, and Treaties made," U.S. Const. art III, § 2, cl. 1. And, like admiralty jurisdiction, this general federal-question jurisdiction is implemented by statute. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *Masterfile Corp. v. Bigsy Music, Inc.*, No. CV 11-337, 2012 WL 13015119, at *5 (E.D. Pa. Jan. 23, 2012). I set aside, of course, one fundamental inconsistency with Plaintiff's argument: he himself has invoked this court's federal-question jurisdiction by filing his complaint.

      The third document is a "motion for preliminary injunction" for advancement and consolidation of the trial on the merits. (DE 14.) Here, Plaintiff appears to seek an immediate resolution of his allegations. Because his principal arguments are so lacking in merit that they do not survive the screening stage, that request is denied as moot.

      Finally, I note that Plaintiff clearly has a "a pattern of groundless and vexatious litigation," which the Third Circuit has held "will justify an order prohibiting further filings without permission of the court." *Coulter v. Bissoon*, 731 F. App'x 83, 85 (3d Cir. 2018). I caution Plaintiff that should he continue his pattern of frivolous filings—under his name or any other, whether on this docket or others, he may face such an order.

### III.    CONCLUSION

After screening the complaint and reviewing Plaintiff's responses to my earlier order to show cause, the Complaint will be DISMISSED, without prejudice as to Plaintiff's right to pursue a proper habeas petition and, only if that is successful, and only if appropriate, file a new civil rights complaint.

Date: May 9, 2022.

/s/ Kevin McNulty
_____
Kevin McNulty
United States District Judge